The opinion of the court was delivered by
Buncan, J.
This was a replevin brought by the owner of goods distrained for rent. The defendant Henry Miller avows for rent in arrear, and William Roseberry makes conuzance as his bailiff. Replication no rent in arrear, and issue. The parties went to trial on this issue, and after part of the evidence had been given, the plaintiff added the plea that Roseberry was not the bailiff of Henry Miller, and that he had no authority to seize the goods replevied. The defendants reply that William Roseberry was the bailiff of Henry Miller, and as such distrained for rent due by Andreas Crouse, to said Henry Miller, the goods found on the premises; and after the defendants had gone through their evidence, the plaintiff specially demurred to the avowry, and for cause of demurrer stated that the avowry did not set forth any lease or title to the rent, and that the same was void for want of substance and form, and prayed that the defendant should join instantly in demurrer or judgment. The defendants objected to demurrer after issue joined. The court reserved the point, and the jury found a verdict for the defendants of one hundred and twelve dollars and ninety-five cents, on which judgment wás entered generally, *180 “judgment” by the clerk of the court, and the second term after-wards the court set aside the demurrer.
On this record five errors have been assigned.
1st. In not granting a rule on the defendants to join in the demurrer.
2d. For that the verdict and judgment for one hundred and twelve dollars and ninety-five cents are against law, it appearing from the pleadings that [Andrew Crouse and not the plaintiff, was the tenant of Henry Miller, and owed the rent, if any was due.
3d. That judgment ought not to have been given on the demurrer in favour of the plaintiff.
4th. There is no avowry.
5th. Judgment should have been for retorno habendo.
It is a course of pleading in this state, too long established now to be overturned, to plead in short. This mode does not conduce always to certainty, too often to confusion, and sometimes to injustice. ' But the party who chooses may move to have the proceedings drawn at length. Strictly speaking, this general avowry might have been specially demurred to, before issue joined in faetón it; but the plaintiff consented to this general loose avowry, by his replication. If he had demurred, the court would have granted leave to the defendant to amend the avowry, and it is not within the provisions of the act granting leave to amend declarations, statements, pleas, &c. any time before trial, to allow during the trial a demurrer for form; it would be a most vexatious and dilatory practice, which it was the view of the legislature to obviate. The plaintiff had the full benefit of this indulgence by adding a new plea. The demurrer to the avowry would defeat the intention of the law, if it was permitted to demur for form, when tho cause was on trial on the issue in fact. This is not a practice warranted by any rule, and the court properly considered it as a nullity. The plaintiff would have the benefit of this uncertainty after verdict, where the forms of pleading are strict; for this avowry is defective in every thing, but its uncertainty was waived by replying to it, and proceeding to trial, without moving to have-the avowry drawn up in form.
This was decided in Albright v. Pickle, 4 Yeates, 264, and there Mr. Justice Yeates, whose experience was great, overruled a motion in arrest of judgment,' declaring it had been a universal practice to enter such general avowries.
This disposes of the 1st, 3d, and 4th, errors assigned.
That the goods of a stranger found on the premises are liable to distress for rent, is one of the early doctrines of the common law, the reasons of which have long since ceased. It is a doctrine not suited to the transactions of men, and the present state of society. Courts of justice themselves are extending the privileges of exemption to meet the exigencies of the present day. But it transcends judicial power to ahrogate it." It is for the wisdom of *181 tbe legislature to modify and change the law. If this was a judgment on which the defendant might take out execution against the plaintiff for the rent found to be in arrear by Crouse, as the plaintiff was not the tenant, it would be erroneous ; and even against the tenant, where the jury had only found the rent in arrear, without finding the value of the goods distrained, such judgment could not be enforced by execution. Albright v. Pickle.
If this judgment can be supported, it is because it is a common law judgment, a judgment de retorno habendo. The judgment here cannot be enforced by execution for the amount of rent. The defendants’ remedy is on the replevin bond, where there can be no recovery beyond the value of the goods, and where it may be less than the value, for the rent may be inferior in value to the goods, because by paying the rent the distress would be satisfied, which is considered as impounded to enforce the payment of the rent. The general judgment is a clerical act, and not a judgment of the court strictly directing what judgment shall be entered, and might be moulded, even now if necessary, by sending back the record to the Court of Common Pleas. But I consider this general judgment as a judgment for the defendants for the sum found in arrear ; — not a judgment that the plaintiff shall pay that amount, but a finding of the issue in favour of the defendants, for the rent in arrear, the issue which the jury was sworn to try; for that jssue was, whether any, and what rent was in arrear, and therefore it was incumbent on them to ascertain it. The judgment of retorno habendo, was inserted for the defendants as a matter of course. They are not bound to issue that writ, but may proceed on the replevin bond. In this way the judgment can be supported, and in this way justice requires that it should.
Judgment affirmed.